IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

U.A. LOCAL UNION NO. 614;
BEN SNYDER, as Chairman of the
Board of Trustees for the U.A. 614 HEALTH
& WELFARE FUND; R.E. SPROLES,
as Chairman of the Board of Trustees for the
U.A.614 PENSION FUND; GLYN GRAVES,
as Chairman of the Board of Trustees for
the U.A. 614 IMPROVEMENT TRUST FUND,

    Plaintiffs,

v.                                           CIVIL ACTION NO. _____

WOOTEN MECHANICAL, LLC, also doing business
as WOOTEN MECHANICAL CONTRACTORS, LLC,

    Defendant.

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

---

COME NOW the Plaintiffs, U.A. LOCAL UNION NO. 614; BEN SNYDER, as Chairman of the Board of Trustees for the U.A. 614 HEALTH & WELFARE FUND; R.E. SPROLES, as Chairman of the Board of Trustees for the U.A.614 PENSION FUND; GLYN GRAVES, as Chairman of the Board of Trustees for the U.A. 614 IMPROVEMENT TRUST FUND, (collectively "Funds"); and hereby allege as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction of this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132 and 1145; and §301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185.

2. Venue in this Court is appropriate pursuant to ERISA, 29 U.S.C. § 1132(e)(2).

**PARTIES**

3. Plaintiff, U.A. Local 614 ("Union"), is a labor organization as defined by the LMRA, 29 U.S.C. § 152(5). The Union represents employees for the purposes of collective bargaining, and maintains its place of business at 3746 Jackson Avenue, Memphis, TN 38108.

4. Plaintiff, Ben Snyder, is Trustee and Chairman of the Board of Trustees for the U.A. 614 Health and Welfare Fund ("Health & Welfare Fund"). The Health & Welfare Fund is an employee benefit plan and qualified "multi-employer plan" as defined in ERISA, 29 U.S.C. §1002(37)(A). The Health & Welfare Fund is administered pursuant to the terms of its trust agreement in accordance with ERISA, §302 of the LMRA, 29 U.S.C. §186, and other applicable federal and state laws. Southern Benefits Administrators is the administrative manager for the Health & Welfare Fund, and maintains offices at Southern Benefit Administrators, Inc., 2001 Caldwell Drive, Goodlettsville, Tennessee 37070, and 2605 Nonconnah Blvd., Suite 170, Memphis, Tennessee 38132.

5. Plaintiff, R.E. Sproles, is a Trustee and Chairman of the Board of Trustees of the U.A. Local 614 Pension Fund ("Pension Fund"). The Pension Fund is an employee benefit plan and qualified "multi-employer plan" as defined in ERISA, 29 U.S.C. §1002(37)A. The Pension Fund is administered pursuant to the terms of its trust agreement in accordance with ERISA, §302 of the LMRA, 29 U.S.C. §186, and other applicable federal and state laws. Southern Benefits Administrators is the administrative manager for the Pension Fund, and maintains offices at 2001 Caldwell Drive, Goodlettsville, Tennessee 37070, and 2605 Nonconnah Blvd., Suite 170, Memphis, Tennessee 38132.

6. Plaintiff, Glyn Graves, is a Trustee and Chairman of the Board of Trustees of U.A. Local 614 Improvement Trust Fund ("Apprenticeship Fund"). The Apprenticeship Fund is a trust fund as defined by §302 of the LMRA, 29 U.S.C. § 186©, and provides training to apprentice and journeymen pipefitters and heating and air technicians. The Apprenticeship Fund is located at 3746 Jackson Avenue, Memphis, TN 38108.

7. The Defendant, Wooten Mechanical, LLC, also doing business as Wooten Mechanical Contractors, LLC, ("Wooten" or "Company"), is an employer as defined by the LMRA, 29 U.S.C. §152(2), and engaged in the construction business in the state of Tennessee. Wooten maintains a principal place of business at 149 South Walnut Bend Road, Cordova, Tennessee 38018. Wooten's agent for service of process is Anthony Wooten.

## CAUSE OF ACTION

8. Defendant Wooten has been a party to a series of Collective Bargaining Agreements ("CBA") with the Union. The Agreements obligate Wooten to submit monthly reports and contributions to the Union and the Funds for all apprentice and journeyman employees working within the jurisdiction of the Union, and requires Wooten to comply with the trust agreements of the Funds.

9. Since December, 2009, Wooten has failed to pay its contributions to Plaintiff Funds and Union as required. Wooten's failure to make required payments and file accurate reports for the period of January, 2010 through April, 2010 and November, 2010 through January, 2011, constitutes a breach of the Agreement, for which Wooten is liable for the delinquent contributions, interest, and liquidated damages. In addition, Wooten is liable for all costs of collection, including reasonable attorney fees.

10. Wooten's failure to make required payments and file required reports to the Funds for the relevant period also constitutes a violation of ERISA §515, 29 U.S.C. §1145. Section 515 provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of the Collective Bargaining Agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or agreement.

11. Pursuant to the Defendant Wooten's previous failure to provide timely reports and contributions, the parties entered into a Payment Agreement outlining the Defendant's obligations. A copy of the Payment Agreement is attached hereto as Exhibit 1.

12. Defendant has failed to comply with the terms of the Payment Agreement and as such has agreed to the entry of judgment against him by confession having signed an Affidavit for Judgment by Confession. A copy of the Affidavit for Judgment by Confession is attached hereto as Exhibit 2.

13. Defendant has been notified of his default on the Payment Agreement on January 12, 2011, and Defendant has failed to cure said default. A copy of the January 12, 2011 letter is attached hereto as Exhibit 3.

## REQUEST FOR RELIEF

Wherefore, the Plaintiffs request that the Court:

1. Grant Plaintiffs a preliminary/permanent injunction specifically requiring Defendant to perform and continue to perform all of the contractual obligations to the Plaintiffs, including furnishing accurate reports and contributions for work performed in a timely basis;

2. Grant Plaintiffs, pursuant to §502(g)2 of ERISA, 29 U.S.C. §§1132 and 1145, and

    Defendant's Affidavit of Confession judgment in the amount of $12,330.80 for the period of December, 2009 through April, 2010, plus interest in the amount of 12% annum plus liquidated damages of 20% plus reasonable attorney's fees and costs.

3. Grant judgment in any additional amount of contributions owed since April, 2010, plus interest in the amount of 12% annum plus liquidated damages of 20% plus reasonable attorney's fees and costs.

4. Grant Plaintiffs all further relief that the Court deems necessary and proper.

    Respectfully submitted,

/s/ Deborah Godwin
Attorney for Plaintiffs
Godwin, Morris, Laurenzi & Bloomfield, PC
50 North Front Street, Suite 800
Memphis, Tennessee 38103
Tel:  901-528-1702
Fax: 901-528-0246
Email:  dgodwin@gmlblaw.com